**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATRINA L. CALLAWAY, on Behalf of Herself and All Others Similarly Situation,<br><br>      Plaintiff,<br><br>      v.<br><br>THE NORTHERN TRUST COMPANY; THE NORTHERN TRUST COMPANY EMPLOYEE BENEFIT ADMINISTRATIVE COMMITTEE; and DOES 1-30,<br><br>      Defendants. | No. 1:20-cv-6497<br><br>JUDGE JOHN Z. LEE |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT**

Plaintiff Katrina Callaway's complaint has a singular focus. Plaintiff identifies 10 of the investment funds in the 401(k) plan of The Northern Trust Company and asserts that those 10 funds have underperformed over a period of years. On this basis alone, plaintiff alleges that defendants The Northern Trust Company and The Northern Trust Company Employee Benefit Administrative Committee (together, "Northern Trust") breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"). However, because those allegations fail to state a claim under ERISA, the complaint should be dismissed.

On point and controlling Seventh Circuit precedent, *Divane v. Northwestern University*, 953 F.3d 980, 992 (7th Cir. 2020), *petition for cert. filed*, No. 19-1401 (U.S. June 19, 2020), holds that mere allegations of a fund's alleged underperformance are insufficient to plead breach of a fiduciary's duty of prudence. Because underperformance is all that plaintiff has alleged in her complaint, this case should be dismissed.

Plaintiff's claims also should be dismissed with respect to any funds in which she did not invest. Although the complaint focuses on the alleged underperformance of 10 of the investment funds offered by Northern Trust, plaintiff admittedly invested in only one of those funds. Plaintiff thus lacks standing to challenge the other nine funds because she cannot have suffered any injury in fact as a result of those funds' performance.

## BACKGROUND[1]

Plaintiff alleges that she participates in the Northern Trust Company Thrift-Incentive Plan (the "Plan"). Compl. ¶ 9. She asserts ERISA claims for breaches of fiduciary duty, pursuant to ERISA § 502(a)(2) and (3). Defendant The Northern Trust Company is a

---

[1] The facts referenced herein are derived from the complaint and from Northern Trust's sourcebook for the Plan, dated October 2019 (the "Plan Sourcebook," attached as Exhibit A to the Declaration of Craig C. Martin filed concurrently herewith), which is subject to judicial notice. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (affirming district court's consideration of summary plan descriptions and fund prospectuses in deciding motion to dismiss).

1

Case: 1:20-cv-06497 Document #: 11 Filed: 11/24/20 Page 3 of 12 PageID #:140

named fiduciary and sponsor of the Plan, with responsibility for the administration and management of the Plan. *Id.* ¶ 10. Defendant The Northern Trust Company Employee Benefit Administrative Committee is the Plan's named administrator. *Id.* ¶ 11.

The Plan is a Section 401(k) profit-sharing plan that manages over $2 billion in assets and provides for retirement income for tens of thousands of current and former Northern Trust employees. Compl. ¶ 22. Like many § 401(k) plans, the Plan offers participants a range of different investment options. Among these options are the Northern Trust Focus Target Retirement Trusts (the "Focus Funds"). *Id.* ¶ 2. In addition to the Focus Funds, the Plan offers participants the option to invest in 16 other funds. Plan Sourcebook at 18-22. Plaintiff alleges that the Plan offers 11 Focus Funds, and she challenges 10 of those funds; however, she invested in only one of them. *Id.* ¶¶ 9, 23, 28.

The Focus Funds are "target date funds," which offer each participant the ability to invest in a diversified portfolio of underlying investments tailored to his or her expected retirement date. *Id.* ¶¶ 3. For example, during the relevant period, the Plan has offered Focus Funds with target retirement dates ranging from 2010 to 2055. *Id.* ¶¶ 38-107. Due to this feature, "[t]arget date funds have become increasingly popular retirement savings options," with "21% of all 401(k) assets in the United States" held in target date funds as of the end of 2016. *Id.* ¶ 3. Plaintiff alleges that 10 of the Focus Funds "have exhibited chronic poor performance for almost a decade." *Id.* ¶ 113. Plaintiff identifies three "comparator" funds, which she claims have outperformed the challenged funds based on analyses performed by Morningstar, Inc. *Id.* ¶¶ 31-35. According to plaintiff, Northern Trust's decision to select and to retain the Focus Funds was imprudent and cost Plan participants "upwards of $34 million in retirement savings since 2014." *Id.* ¶ 37.

Plaintiff asserts three claims for relief. In Count I, plaintiff asserts that Northern Trust breached its fiduciary duty of prudence by failing to remove the Focus Funds or "to adequately consider better-performing investment products for the Plan." *Id.* ¶¶ 108-21. In Count II, plaintiff asserts that The Northern Trust Company and The Northern Trust Company Employee Benefit Administrative Committee are "also liable as co-fiduciaries with respect to the above-described violations" because they "participated knowingly in" and "enabled" their co-fiduciaries' alleged breaches. In Count III, plaintiff asserts that Northern Trust breached its duty to monitor the performance of individuals to whom it delegated fiduciary duties. As shown below, none of these counts meets the most basic pleading requirement: alleging the essential elements of plaintiff's claims.

## ARGUMENT

To survive a motion to dismiss for failure to state a claim, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a complaint must contain "allegations plausibly suggesting (not merely consistent with)" the plaintiff's legal assertions. *Id.* at 555. Although a court must accept as true all of the allegations in a plaintiff's complaint, this principle "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiff's allegations fail to meet this standard, and the complaint should therefore be dismissed in its entirety.

I.  **COUNTS I AND II SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF UNDER RULE 12(b)(6).**

To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that the defendants are plan fiduciaries, that they breached their fiduciary duties, and that their breach resulted in harm to the plaintiff. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 465 (7th Cir. 2005). To allege a breach of the duty of prudence in connection with an investment decision, a plaintiff must allege that the defendants' process, or "conduct in arriving at an investment decision," was improper. *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996). Clarity and specificity in pleading such claims are especially important, because "the content of the duty of prudence turns on the circumstances" and requires a "careful, context-sensitive scrutiny of a complaint's allegations." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).

    A.    <u>Plaintiff's Allegations of Underperformance Are Insufficient.</u>

Plaintiff does not allege facts plausibly suggesting that Northern Trust's process for selecting the challenged funds was imprudent. In fact, she concedes that she "does not have actual knowledge of the specifics of Defendants' decision-making processes with respect to the Plan, including Defendants' processes for monitoring and removing Plan investments." Compl. ¶ 8. Instead, plaintiff alleges that Northern Trust's process "*resulted in* a plan loaded with the . . . Focus Funds that have exhibited chronic poor performance for almost a decade." *Id.* ¶ 113 (emphasis added). Plaintiff further alleges that Northern Trust breached its fiduciary duties "[b]y failing to adequately consider better-performing investment products for the Plan." *Id.* ¶ 114. But these conclusory, post-hoc allegations of underperformance are plainly insufficient to state a claim for breach of ERISA's duty of prudence.

The Seventh Circuit has repeatedly held that "'the ultimate outcome of an investment is not proof of imprudence'" under ERISA. *Divane v. Northwestern Univ.*, 953 F.3d at 992 (quoting *DeBruyne v. Equitable Life Assurance Soc'y of the United States*, 920 F.2d 457, 465 (7th Cir. 1990)). "[I]nvestment losses are not proof that [a fiduciary] violated his duty of care." *Jenkins v. Yager*, 444 F.3d 916, 926 (7th Cir. 2006). In *Divane*, the Seventh Circuit invoked this principle in affirming the dismissal of claims that the fiduciaries of Northwestern University's § 403(b) retirement plan violated ERISA's duty of prudence "by providing investment options that were too numerous, too expensive, or underperforming." *Divane*, 953 F.3d at 991. *Divane* is on point and requires dismissal in this case.[2]

Courts in other jurisdictions have likewise rejected similar allegations of underperformance. For example, in *Davis v. Washington University*, the Eighth Circuit affirmed dismissal of a claim that the administrators of Washington University's retirement plan "should have jettisoned" certain investment options "because they were poor performers and cost too much." 960 F.3d 478, 484 (8th Cir. 2020). The court explained that "fiduciaries are not required to pick 'the *best* performing fund.'" *Id.* at 486 (quoting *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018)) (emphasis in original). Courts have further held that "the mere fact that [a] Fund did not do as well as other options does not give rise to the inference that Defendants' decision to retain that investment offering was imprudent." *Patterson v. Morgan Stanley*, No.

---

[2] In *Brown-Davis v. Walgreen Co.*, No. 19-cv-05392 (Dkt. No. 46) (N.D. Ill. Mar. 16, 2020) (attached as Exhibit B to the Declaration of Craig C. Martin filed concurrently herewith), the district court sustained claims that were based on the underperformance of the Focus Funds in which the plaintiffs invested. This aspect of the decision was premised in part on the court's disagreement with the district court's decision in *Divane v. Northwestern University*, No. 16-cv-8157, 2018 WL 2388118 (N.D. Ill. May 25, 2018). Since the issuance of this decision in *Brown-Davis*, the Seventh Circuit affirmed the district court's decision in *Divane* and reaffirmed the conclusion with which the *Brown-Davis* court took issue. *Divane*, 953 F.3d at 988. As explained in Section III, below, Northern Trust does agree with the second aspect of *Brown-Davis*, in which the district court dismissed claims based on the underperformance of funds in which the plaintiffs did not invest.

16-cv-6568 (RJS), 2019 WL 4934834, at *11 (S.D.N.Y. Oct. 7, 2019). *See also, e.g., id.* at *13 ("[C]onclusory allegations of cumulative underperformance are insufficient to state a claim, since backward-looking contentions regarding overall underperformance are improperly grounded in hindsight."); *White v. Chevron Corp.*, 752 F. App'x 454, 454 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2646 (2019) (holding that allegations showing only that defendants "could have chosen different vehicles for investment that performed better during the relevant period" did not make "it more plausible than not that any breach of fiduciary duty had occurred"); *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctr. S Ret. Plan v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 716 (2d Cir. 2013) ("[W]e judge a fiduciary's actions based upon information available to the fiduciary at the time of each investment decision and not from the vantage point of hindsight.") (quotations omitted);.

The crux of plaintiff's complaint is that over a period of six years, 2014-2019, the 10 Focus Funds she challenges allegedly underperformed, relative to other "comparator" funds. *See* Compl. ¶¶ 38-97. However, for all of the reasons cited in the case law above, that is insufficient to plead Northern Trust's breach of fiduciary duty. As a matter of law, the mere allegations that the challenged funds were "poor performers" do not "raise relief above the speculative level," as is required to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

## II. COUNT III SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF FOR FAILURE TO MONITOR.

In Count III, plaintiff asserts that Northern Trust breached the duty to monitor other Plan fiduciaries. Compl. ¶¶ 129-35. As a threshold matter, this claim is derivative of plaintiff's claims for breach of fiduciary duty. Because plaintiff has failed to state a claim for breach of fiduciary duty, her duty to monitor claim necessarily fails. *Howell v. Motorola, Inc.*, 633 F.3d 552, 563 (7th Cir. 2011).

In any event, plaintiff's allegations do not satisfy the standard for pleading a claim for failure to monitor. To state such a claim, plaintiff must allege non-conclusory facts demonstrating that Northern Trust failed in its monitoring *process*. *Neil v. Zell*, 671 F. Supp. 2d 1010, 1024 (N.D. Ill. 2009), *as amended* (Mar. 11, 2010) (allegations "only in the most general terms that the [alleged monitoring fiduciaries] breached their duty to monitor" "fail *Twombly*'s plausibility requirement"). Plaintiff provides no factual allegations whatsoever regarding Northern Trust's monitoring process. Instead, in support of Count III, she makes generalized, conclusory statements, such as that each fiduciary "breached its fiduciary monitoring duty by . . . failing to monitor their appointees' fiduciary process." Compl. ¶ 133.

Accordingly, Count III should be dismissed for failure to state a claim for relief under Rule 12(b)(6).

## III. PLAINTIFF LACKS STANDING TO PURSUE CLAIMS AS TO INVESTMENT FUNDS IN WHICH SHE DID NOT PERSONALLY INVEST.

Plaintiff's claims should be dismissed for lack of standing to the extent that they relate to funds in which she did not invest. To establish injury in fact, the "first and foremost" element of constitutional standing, a plaintiff must show that she "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) (citation and quotation marks omitted). This is inherently an individualized inquiry to determine whether the plaintiff has a "personal stake in the outcome." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). ERISA's statutory authorization to sue "does not affect the Article III standing analysis," and an ERISA plaintiff therefore must "plausibly and clearly allege a concrete injury." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020) ("This Court has rejected the argument that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a

7

person a statutory right and purports to authorize the person to sue to vindicate that right.'") (quoting *Spokeo*, 136 S. Ct. at 1549).

Here, plaintiff alleges that Northern Trust imprudently retained 10 Focus Funds (Compl. ¶¶ 28, 34-97), yet she invested in only one of them—the Northern Trust Focus 2030 Fund (*id.* ¶ 9). In this context, where plaintiff is challenging a plan that is participant-directed, "if a participant does not choose to invest in a particular offering, any change in the value of that financial product has no impact on the participant's account." *Patterson*, 2019 WL 4934834, at *4. Therefore, plaintiff "ha[s] not been injured as to those funds" in which she did not invest, and she lacks standing to bring claims challenging them. *Id.* ("An ERISA plan participant lacks standing to sue for ERISA violations that cause injury to a plan but not individualized injury to the plan participant."); *see also*, *e.g.*, *Krauter v. Siemens Corp.*, 725 F. App'x 102, 109 (3d Cir. 2018) (finding ERISA plan participant who did not allege financial loss lacked standing); *Brown-Davis*, at *3 (dismissing claims challenging Focus Funds to the extent that they related to funds in which the plaintiffs did not invest); *Wilcox v. Georgetown Univ.*, No. 18-422 (RMC), 2019 WL 132281, at *9-10 (D.D.C. Jan. 8, 2019) (holding that plaintiffs lacked standing to allege ERISA violations as to investment options in which they did not invest); *Dezelan v. Voya Ret. Ins. & Annuity Co.*, No. 3:16-CV-1251, 2017 WL 2909714, at *7 (D. Conn. July 6, 2017) (holding that plaintiff failed to "allege that she was a participant, beneficiary or fiduciary . . . of a general account stable value fund, and therefore d[id] not have standing to bring claims concerning these products") (quotations and citations omitted).

The fact that plaintiff purports to assert claims on behalf of a class "adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified

8

members of the class to which they belong." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976); *see also Wilcox*, 2019 WL 132281, at *9 ("In a class action, the named plaintiff must demonstrate that they have Constitutional standing, measured at the time the complaint was filed.") (quotations and citations omitted).

Accordingly, the allegations and claims relating to the nine funds in which plaintiff admittedly did not invest should be dismissed.

## CONCLUSION

For all of the foregoing reasons, plaintiff's complaint should be dismissed in its entirety.

Dated: November 24, 2020        Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

*s/ Craig C. Martin*_____
Craig C. Martin
Amanda S. Amert
Laura L. Norris
300 North LaSalle
Chicago, Illinois 60654-3406
(312) 728-9000
Email:  cmartin@willkie.com
         aamert@willkie.com
         lnorris@willkie.com

John L. Brennan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
Email:  jbrennan@willkie.com

*Attorneys for Defendants The Northern Trust Company and The Northern Trust Company Employee Benefit Administrative Committee*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure and Rule 5.5 of the Local Rules of the Northern District of Illinois, the undersigned, an attorney of record in this case, hereby certifies that on November 24, 2020, a true and correct copy of **Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss The Complaint** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: November 24, 2020         Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

*s/ Craig C. Martin*_____
Craig C. Martin
Amanda S. Amert
Laura L. Norris
300 North LaSalle
Chicago, Illinois 60654-3406
(312) 728-9000
Email:  cmartin@willkie.com
         aamert@willkie.com
         lnorris@willkie.com

John L. Brennan
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
Email:  jbrennan@willkie.com

*Attorneys for Defendants The Northern Trust Company and The Northern Trust Company Employee Benefit Administrative Committee*